IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Allen Siegfried, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bureau of Indian Affairs and | ) | Case No. 1:05-cv-055 |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Allen Siegfried ("Siegfried"), is a tribal law enforcement officer employed by the Standing Rock Indian Reservation. He initiated the above-entitled action by complaint pursuant to the Federal Tort Claims Act on April 15, 2005. He sought to recover damages for injuries he sustained while assisting with the apprehension of Curtis Feather ("Feather"), a suspected pickup thief, near Cannonball, North Dakota.[1] His complaint set forth two causes of action: (1) the BIA was negligent for failing to maintain the patrol vehicle in which he was injured while a passenger; and (2) the Government was obligated to provide compensation under the State's underinsured motorist laws given the fact that Feather was not insured.

Siegfried maintained that he had instituted the above-entitled action only after the Department of the Interior had rejected his administrative claims. Apparently, he filed a $500,000 negligence claim with the BIA on October 27, 2003, only to have it returned on June 9, 2004, for failure to complete the appropriate paperwork. He refiled his claim on August 19, 2004, this time seeking $750,000. The Department of the Interior denied the claim for lack of substantiating evidence in a letter dated October

---

[1] Feather led law enforcement on a high speed chase through Cannonball, North Dakota. During the course of the chase he thrice struck a vehicle driven by BIA Officer David Lawrence. Siegfried, a passenger in Lawrence's vehicle, injured his back. In his complaint he alleged that the seatbelt on the passenger side of Officer Lawrence's vehicle failed when Feather's pickup collided with Lawrence's vehicle for the third and final time.

1

20, 2004. Notably, it made no mention of any failure on his part to exhaust available Federal Employee's Compensation Act remedies.

On December 20, 2006, the Government filed a Motion for Summary Judgment on the grounds that (1) the above-entitled action was barred by the exclusive remedy provisions of the Federal Employees' Compensation Act ("FECA"), (2) it was immune from suit, and (3) the court lacks subject matter jurisdiction. The court granted the Government's motion in part on February 12, 2009, finding that Siegfried's claim for uninsured motorist benefits lacked merit. It further ordered that the action be stayed to allow Siegfried to file a claim for FECA benefits with the Secretary of Labor. It also directed Siegfried to submit within sixty days proof he had indeed filed such a claim. Finally, it ordered that the action be stayed so long as Siegfried submitted the aforementioned proof, continued to diligently pursuing his FECA remedies, and notified the court of the Secretary of Labor's final decision within thirty days of its issuance.

Siegfried submitted a status report as directed on April 11, 2007, apprising the court of the fact that he had filed an application for FECA benefits with the United States Department of Labor.

On July 24, 2008, the court convened a conference with the parties to inquire about the status of Siegfried's application for FECA benefits. It was advised that the Department of Labor had yet taken action.

On January 20, 2009, the court convened a second status conference. Siegfried advised the court that counsel had written to the Department of Labor as recently as December 11, 2008, to inquire about the status of his application but had yet to receive a response.

The Government subsequently advised the court in a letter dated January 22, 2009, that the Department of Labor has no record of Siegfried's claim being filed. It hypothesizes that the claim may have been rejected because Siegfried submitted his claim to the wrong office or did not fully complete

the claim form.  The Government suggests that Siegfried resubmit his application to the Department of Labor's Cleveland office with all of the blank spaces completed.

The court seriously doubts that the application was rejected on either of these two grounds. Most surely, if the application was rejected, there would be some record of the rejection not to mention a record of the claim being filed.  Also, when would it ever be appropriate to reject a filing without advising the claimant of the rejection?  Rather, it appears the application was either lost or simply ignored.

The Government in this case seeks to forgo potential FTCA liability, asserting the exclusive remedy provisions of FECA apply.  To put it mildly, this remedy has so far proved illusory, and we are coming up on two years since when Siegfried filed his claim with the Department of Labor.  During this time, Siegfried's FTCA action has grown more stale by the day as witness memories fade.

Reluctantly, the court will continue to hold this matter in abeyance, but, if no action is taken within 180 days of the refiled claim, the court will entertain a request by Siegfried to lift the stay and allow the FTCA action to proceed.  In addition, the court will consider a motion to strike the Government's defenses, including, at the very least, the FECA defense.

Siegfried shall file with the court a copy of his refiled claim along with any transmittal letter forwarding the claim.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2009.

*/s/  Charles S.  Miller, Jr.*
Charles S.  Miller, Jr.
United States Magistrate Judge