## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Allen Siegfried, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **LIFT STAY** |
| vs. | ) | |
| | ) | |
| Bureau of Indian Affairs and | ) | |
| United State of America, | ) | |
| | ) | Case No.  1:05-cv-055 |
| Defendants. | ) | |

_____

This action was stayed pursuant to the court's order of February 12, 2006, so that the Plaintiff could file a FECA claim with the Department of Labor.  On September 29, 2009, the Government filed a  Motion to Lift Stay and Renewed Motion for Summary Judgment.  Therein it asserts that the Plaintiff has failed to diligently pursue his FECA remedies and, therefore, waived his claims.  As an aside, it acknowledges that it received claim forms from the Plaintiff on September 29, 2009.

In response to the Government's motion, Plaintiff's counsel concedes to being tardy in submitting the appropriate claim forms to the Government.  However, he maintains that it would be inequitable to lift the stay and dismiss the Plaintiff's claims given all that has transpired in this action. The court agrees.

The record reflects that the Plaintiff filed a claim for FECA benefits with the Department of Labor in April 2007.  The court twice contacted the parties--first on July 24, 2008, and again on January 20, 2008--to inquire about the status of the Plaintiff's claim.  Each time it was advised that the Department of Labor had yet to take action.  The Government later advised the court in a letter dated January 22, 2009, that the Department of Labor had no record of the Plaintiff's claim ever being filed. It speculated that the claim forms were either incomplete or sent to the wrong office and therefore

rejected.  It suggested that the Plaintiff refile his claim with the Department of Labor's Cleveland office.  Apparently, in an effort to ensure that the Plaintiff's claim was properly filed, the parties agreed that the Plaintiff would submit his claim to the Government, which would forward it to the appropriate Department of Labor official.   It is Plaintiff's counsel's subsequent delay in submitting the claim forms to the Government which prompted the Government to file the motion now before the court.

There is no dispute that Plaintiff's counsel has in recent months been less than diligent in his efforts to submit a FECA claim with the Department of Labor on his client's behalf.  However, it would be disingenuous to attribute all of the delay in filing the FECA claim to his lack of perseverance. The fact of the matter is that this litigation has been protracted in large part by the inaction of and lack of communication from the Department of Labor.  The court is not inclined overlook the Department of Labor's neglect while simultaneously punish Plaintiff's counsel for his lack of diligence, particularly in light of the fact that the Government recently received FECA claim forms from Plaintiff's counsel.

The Government's Motion to Lift Stay (Docket No.  31) is therefore **DENIED**.  If it has not already done so, the Government is to forward the Plaintiff's claim forms to the appropriate officials at the Department of Labor.  The Government shall also file a copy of any transmittal letter forwarding the Plaintiff's claim forms to the Department of Labor.  The Plaintiff is to file a copy of these claim forms with the court.  Additionally, he shall continue to submit periodic status reports as previously ordered by the court.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2009.


/s/  Charles S.  Miller, Jr.
Charles S.  Miller, Jr.
United States Magistrate Judge